HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHLEEN M. HOUSE, )
)
Plaintiff, ) No CV98-5262FDB
)
vs. ) PLAINTIFFS RESPONSE TO
) ORDER TO SHOW CAUSE WHY
THE STATE OF WASHINGTON; ) PLAINTIFF SHOULD NOT
and THE WASHINGTON STATE ) PROCEED PRO SE
DEPARTMENT OF FISH AND )
WILDLIFE, )
Defendants )
_____ )

COMES NOW the plaintiff, Kathleen House, and submits the following statement in response to the Order to Show Cause Why Plaintiff Should Not Proceed Pro Se.

1  The appointment of inexperienced counsel was incorrect in a complex civil rights case  Ms Valier's arguments as to the complexity and duration of the current case and her own inexperience are not relevant over a year after appointment was granted.  Consideration of these factors should have been made by Ms Valier prior to her accepting appointment in evaluating her own ability to represent a potential client. Ms. Valier knew nothing of either the current case or the related discrimination case at the time she accepted appointment. Ms.

PLAINTIFF'S RESPONSE TO
SHOW CAUSE ORDER                    -1-                KATHLEEN HOUSE, PRO SE

CV 98 05262 #00000062

62

Valier's motion is addressed to a judge not presiding in the case and incorrectly names the defendants in the current case. Her inexperience and failure to review a case prior to accepting appointment should not bar plaintiff from good faith appointment of counsel under USC 2000(e)-5(f)(1).

2 The appointment by the Screening Committee of an employer's defense attorney, whose only other trial experience has been personal injury, by the Screening Committee was incorrect Appointed counsel has shown no interest in the merits of plaintiff's case, in plaintiff's own desperate financial and personal circumstances resulting from defendant's illegal acts, and in the statutory rights of employees as set forth in Title VII of the Civil Rights Act of 1964, as amended

3. Appointment of an attorney who resides more than 50 miles from the pro se party was incorrect Rule 4, subparagraph (d) states that "Except under unusual circumstances, the Screening Committee shall not select an attorney who resides more than 50 miles from the pro se party An attorney may, however, consent to an appointment of [sic] behalf of a pro se party who resides more than 50 miles from the attorney " Ms. Valier's office is in Seattle Plaintiff resides in Olympia. Plaintiff's only recourse in complying with Ms. Valier's requirement for confidential and irreplaceable documents in plaintiff's possession, as plaintiff had no money and no means of either traveling to Seattle or of safely sending the documents to Ms Valier, was to accept Ms Valier's offer to come to Olympia. Ms Valier's own motion

PLAINTIFF'S RESPONSE TO
SHOW CAUSE ORDER                    -2-                    KATHLEEN HOUSE, PRO SE

shows that she considered this an extraordinary accommodation. Ms. Valier disregarded plaintiff's preference that Ms Valier return the documents by certified mail and instead requested that they be returned by a paralegal in Ms Valier's office who was traveling to Olympia on other business Plaintiff agreed to be, and was, at home on the evening before a national holiday, both at the time the paralegal arrived and at the time specified by Ms. Valier. Plaintiff received the documents from the paralegal on the date specified by Ms Valier Ms Valier's and Ms Watanabe's misconstruction of events occurring at plaintiff's private residence at the time of Ms. Watanabe's arrival shows that this accommodation on the part of the plaintiff was unsatisfactory to Ms Valier

    4 Appointed counsel's motion is factually incorrect and not relevant to the issue of good faith appointment of counsel for a civil rights plaintiff under USC 2000(e)-5(f)(1). The motion attempts to bias the court against plaintiff in order that Ms. Valier's firm be relieved from the requirements of the rules under which she was appointed, the Plan of the United States District Court for the Western District of Washington at Seattle for the Representation of Pro Se Litigants in Civil Rights Actions (As Amended, Effective 3/16/90), specifically Rule 2(a,b,e) and Rule 4(a), Relief from Appointment of the Rules Governing Pro Bono Panel Ms. Valier's motion in this respect misrepresents her client's legitimate concerns over her counsel's failure to act in this case in the course of seven months as personal animosity. Plaintiff has no access to the affidavit submitted under seal to Judge Bryan by Ms Valier.

PLAINTIFF'S RESPONSE TO  
SHOW CAUSE ORDER                      -3-                      KATHLEEN HOUSE, PRO SE

Plaintiff submits under seal an affidavit of the facts of her interactions with Ms. Valier and with the firm of Miller/Nash to Judge Burgess

5. Appointed counsel did not advise plaintiff that she was physically unable to represent plaintiff  Plaintiff's first knowledge of this claim was Ms Valier's Motion for Relief from Appointment. Ms. Valier's failure to notify plaintiff that she consider herself physically unable to represent plaintiff was ethically unjustifiable  Her late notice to the Court of such a claim should not bar plaintiff from good faith appointment of counsel under USC 2000(e)-5(f)(1).

6. Plaintiff did not believe that an unguided attempt to respond to Ms Valier's motion would be considered by the Court and did not therefore file a response to Ms Valier's motion  Plaintiff is a layperson and has no access to the Screening Committee, no access to knowledge of composition of the Pro Bono Panel and no access to the reasons selection of Ms Valier was made in her case  Plaintiff's first knowledge of the Rules Governing Appointment of Counsel was from the order granting such appointment, entered three months after plaintiff's motion was filed. Plaintiff was able to obtain a copy of the Rules governing appointment of counsel only after considerable difficulty. The Rules Governing Appointment of Counsel contain nothing to guide a layperson in responding to such a motion  Plaintiff's own attempt to request appointment of another attorney in accordance with these rules, submitted on October 10th, 2000, produced no response from the Court.

PLAINTIFF'S RESPONSE TO
SHOW CAUSE ORDER                    -4-                    KATHLEEN HOUSE, PRO SE

7  Plaintiff had no time to conduct research to determine the correct form of a response and to determine her own risk of involuntarily waiving attorney-client privilege in responding to Ms Valier's motion during the period from December 27th, 2000, to January 12th, 2001  Because plaintiff has been barred from the computer profession in which she was employed for twenty years, she is currently working at minimum wage in manual labor. Plaintiff was scheduled to work two six day weeks, including Christmas and New Year's day, and to come in on two of her regularly scheduled days off in the period between December 24th, 2000 and January 6th, 2001  She missed one regularly scheduled work day due to illness, but did work a total of one hundred and nine hours for that time period.  Plaintiff was unable to leave her house due to illness for four days, including both her regularly scheduled days off, in the period between January 7th, 2001, and January 12th, 2001, and was at work during the remainder of that period

8  Plaintiff's Motion for Appointment of Counsel, filed on October 5th, 1999 and noted for October 22nd, 1999 set forth in detail the reasons counsel should be appointed for plaintiff in the current case.  That motion was granted on January 26th, 2000.  No event in the intervening year has occurred to reverse the decision in the Order granting appointment of counsel  Ms. Valier's failure to review a case before accepting appointment, her failure to represent her client after accepting appointment, and her failure to prosecute the case are not sufficient reason to reverse the order for appointment of counsel made over a year ago.

PLAINTIFF'S RESPONSE TO
SHOW CAUSE ORDER                    -5-                    KATHLEEN HOUSE, PRO SE

Plaintiff submits the arguments made in her Motion for Appointment of Counsel filed on October 5th, 1999 and the Court's Order for appointment of counsel granted on January 26th, 2000, in response to the Order to Show Cause Why Plaintiff Should Not Proceed Pro Se

For these reasons, plaintiff submits that she should be appointed counsel in good faith in accordance with the Plan of the United States District Court for the Western District of Washington at Seattle for the Representation of Pro Se Litigants in Civil Rights Actions (As Amended, Effective 3/16/90) and with the provisions for appointment of counsel in civil rights actions under USC 2000(e)-5(f)(1).

Dated.   February 1st, 2001

*[signature]*
Kathleen M. House
Plaintiff Pro Se


### Statement of Service

I certify that I have served a copy of the attached
Response to Show Cause Order
on defendant's attorney by leaving same at defendant's
office or by mailing same via first-class mail to
905 Plum Street, SE, Building 3, Olympia,
Washington on February 1st, 2001

*[signature]*
Kathleen M. House

PLAINTIFF'S RESPONSE TO
SHOW CAUSE ORDER                    -6-                    KATHLEEN HOUSE, PRO SE