HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHLEEN M HOUSE,

    Plaintiff,

vs.

THE STATE OF WASHINGTON;
and THE WASHINGTON STATE
DEPARTMENT OF FISH AND
WILDLIFE,

    Defendants.

No. CV98-5262FDB

MOTION TO REQUEST
DETERMINATION ON PENDING
APPOINTMENT OF COUNSEL
NOTED: FRIDAY
MAY 25TH, 2001

COMES NOW the plaintiff, Kathleen M. House, and respectfully requests that the court determine whether Ryan Vos, the counsel selected by the screening panel prior to March 27th, 2001, is willing to accept appointment. Mr. Vos was notified of his selection by the screening panel via a letter from Judge Coughenour dated March 27th, 2001. That letter requested that Mr. Vos either file a Notice of Appearance within 10 days or immediately file a motion with Judge Burgess stating his inability to accept appointment. To the best of plaintiff's knowledge, there has been no response from Mr. Vos in the forty

MOTION TO REQUEST DETERMINATION    -1-    KATHLEEN HOUSE, PRO SE



days since the letter was sent. Plaintiff has no knowledge of any other action being taken in this matter since March 27th, 2001.[1]

The following is a list of items from the court docket concerning appointment of counsel in this case

| | | |
|---|---|---|
| 10/5/99 | 28 | MOTION by plaintiff for appointment of counsel NOTED FOR 10/22/99 (car) [Entry date 10/06/99] |
| 1/26/00 | 46 | ORDER by Judge Franklin D. Burgess that P' motion for injunctive relief [29-1] is DENIED; that P' motion for appointment of counsel [28-1] is GRANTED. The Clerk shall pull counsel for P' from the pro bono panel. That P' mtn to shorten time, filed 1/12/00, is now MOOT and thus, DENIED. (cc: counsel, Judge) (car) |
| 1/31/00 | 47 | ORDER AMENDING 1/26/00 ORDER by Judge Franklin D Burgess tht this cause of aciton is referred to the Pro Bono Panel Screening Committee for initial review and recommendation of the appt of cnsl issue. Upon completion of the review, the Screening Committee shall promptly report back to the Court who will then issue an order on the mtn. (cc: counsel, Judge) (car) |

---

[1] Plaintiff obtained a copy of this letter only after considerable difficulty Although the letter contained a cc direction that plaintiff be mailed a copy, she did not receive one Plaintiff first learned of the letter's existence by checking recent filings in the Pacer on-line docket on Saturday, April 8th, 2001 The letter is listed on that docket as entered on April 6th, eleven days after the date on the letter itself. Plaintiff called the Tacoma district court on Monday, April 9th, to try to obtain a copy of the letter The clerk who answered the phone told plaintiff the entire file had been checked out for copying and was unavailable and would not tell plaintiff when the letter would become available. Plaintiff then called Attorney's Information Bureau, the copy service for the district court at Tacoma, to try to obtain a copy of the letter or to at least be allowed to read it AIB personnel told plaintiff that the file had been returned to the district the week before, they then very kindly called the district court to confirm this Plaintiff called the district court again and was told only that a copy of the letter would be waiting for her there Plaintiff traveled to Tacoma by public transportation that day, April 9th, and was given, without further explanation, a copy of the letter from Judge Coughenour dated March 27th, 2001

MOTION TO REQUEST DETERMINATION
ON PENDING APPOINTMENT                          -2-          KATHLEEN HOUSE, PRO SE

| | | |
|---|---|---|
| 2/1/00 | 48 | LETTER by Janet Thornton directed to P' re: application for appt of cnsl (car) |
| 2/1/00 | 49 | LETTER by Janet Thornton directed to David Kahn re: motion for appointment of counsel [28-1] filed by P' (car) |
| 3/29/00 | 53 | ORDER by Judge Franklin D. Burgess GRANTING pl's motion for appointment of counsel [28-1]; Atty Michelle L Valier appointed by pro bono panel to represent pl (cc: counsel, Judge) (ec) |
| 2/13/01 | 64 | ORDER by Judge Franklin D. Burgess that Michelle Valier and Miller Nash LLP are granted leave to w/d from this case. P' case is ref to the Pro Bono Screening Committee for the selection of new counsel. (cc: counsel, Judge) (car) |
| 4/6/01 | 65 | LETTER by Judge Coughenour directed to Ryan Vos re: appointment as pro bono cnsl for P' Kathleen House (car) |

It has been over a year and a half since plaintiff's motion for appointment of counsel was filed. It has been almost three months since the order granting new appointment was issued. Plaintiff continues to suffer from the State of Washington's illegal actions in terminating her employment and in barring her from further employment in her profession: she is currently several thousand dollars in debt, is employed in manual labor at minimum wage, commutes to that job twenty miles a day by bicycle, has no car and cannot meet the most basic of current living expenses. She has endured for four years the daily humiliation of living in poverty, after having earned a professional's salary from a career built over the course of twenty years. Further delay in this case increases the suffering plaintiff endures as a result of invoking her right to equal employment opportunity.

MOTION TO REQUEST DETERMINATION
ON PENDING APPOINTMENT                    -3-        KATHLEEN HOUSE, PRO SE

In addition, delay in the progress of this case weakens plaintiff's ability to successfully prosecute her case. Plaintiff stated in her Motion to Request Date for Ruling on Motion For Appointment of Counsel, filed January 12, 2000:

> "... there exist rights and remedies that plaintiff may irrevocably lose if she may not soon have the assistance of counsel. Such rights and remedies include the ability to add ongoing acts of retaliation committed by agencies of the State of Washington, the ability to include individual defendants and the ability to include charges based on such discovery as an attorney may be able to compel the defendant to produce. In addition, alternative avenues such as filing additional EEOC complaints for ongoing acts of retaliation, if these may not be included in the instant charge, will soon become time barred."

For these reasons, plaintiff respectfully requests that the court determine whether Ryan Vos is willing to accept the appointment by the Civil Rights Case Screening Committee as plaintiff's counsel.

Dated this 9th day of May, 2001.   *Kathleen M. House*
Kathleen M. House, Plaintiff

Statement of Service

I certify that I have served a copy of the attached
Motion To Request Determination On Pending
Appointment Of Counsel
on defendant's attorney by leaving same at defendant's
office at 905 Plum Street, SE, Building 3, Olympia,
Washington on May 9th, 2001.

*Kathleen M. House*
Kathleen M. House

MOTION TO REQUEST DETERMINATION
ON PENDING APPOINTMENT           -4-          KATHLEEN HOUSE, PRO SE