FILED
LODGED
RECEIVED

JAN 0 2 2002

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

HONORABLE FRANKLIN D BURGESS

RECEIVED
DEC 2 8 2001
OFFICE OF THE A...
LABOR & PERSONAL ...
... DIVISION

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

KATHLEEN M HOUSE,                    )
                                     )
              Plaintiff,             )        No  CV98-5262FDB
                                     )
vs                                   )        PLAINTIFF'S PETITION
                                     )        FOR REIMBURSEMENT
THE STATE OF WASHINGTON,             )        OF COSTS
and THE WASHINGTON STATE             )
DEPARTMENT OF FISH AND               )        Noted by Clerk 1/18/02
WILDLIFE,                            )
                                     )
              Defendants             )
_____ )

CV 98-05262 #00000077

Petition for Payment of Costs under the Plan of the United States District Court for the

Western District of Washington at Seattle for the Representation of Pro Se Litigants in

Civil Rights Actions

        Comes now the plaintiff and petitions the court for payment of the cost for

transcription of five depositions and two hearings   Plaintiff requests payments of these

costs pursuant to Section 5 (a) and (b) of the United States District Court for the Western

District of Washington at Seattle for the Representation of Pro Se Litigants in Civil Rights

Actions   Section 5 states in relevant part

PLAINTIFF'S PETITION FOR
REIMBURSEMENT OF COSTS          -1-          KATHLEEN HOUSE, PRO SE

"(a)  The appointed attorney or the firm with which the attorney is affiliated shall request the *pro se* litigant to provide reimbursement for the costs incurred in litigating the action to the extent that the litigant is able to bear such costs  If the litigant is unable to do so, the appointed attorney or the firm with which the attorney is affiliated may apply for reimbursement of reasonable expenses to the Western District Court Civil Rights Litigation fund as specified in Section 5(b)

[  ](b)  If the litigant is unable to bear the costs of the litigation, the attorney may apply for reimbursement of reasonable expenses to the Western District Court Civil      Rights Litigation Fund formed for the purpose, *inter alia*, of providing monies for this purpose "

Although plaintiff is not an attorney, plaintiff's case was considered worthy of two appointments of counsel by the court  Had appointed counsel represented plaintiff in accordance with the Western District's Plan, plaintiff's counsel would have been able to apply for reimbursement in accordance with the above referenced section  The selection made in plaintiff's second appointment of counsel chose not to reply at all to Judge Coughenour's directive concerning his appointment  Plaintiff was responsible for neither of these attorney's failures to abide by the directives of the court  Plaintiff is unable to bear these costs herself due to defendants' retaliatory acts in eliminating plaintiff's position, denying plaintiff's reemployment, and  preventing plaintiff's employment in her profession by employers other than the defendant  In contrast, coverage of all costs for the defendant State of Washington is mandated by law, paid for at public expense and unlimited  Plaintiff therefore respectfully petitions the court pro se for reimbursement of

PLAINTIFF'S PETITION FOR
REIMBURSEMENT OF COSTS          -2-             KATHLEEN HOUSE, PRO SE

1

2   these costs

3       Plaintiff seeks reimbursement of the costs of transcriptions of five depositions

4

5   taken in 1998   These depositions are necessary for plaintiff to survive summary

6   judgment, to support plaintiff's motion to compel discovery and to prove essential

7

8   elements of plaintiff's case   The depositions of Tom Owens and Penny Cusick contain

9   statements directly contradictory to those given by these same deponents in sworn

10

11  statements in the related discrimination case, C97-5708FDB   This is evidence of perjury

12  and pretext   The depositions also contain admissions by the deponents directly relevant

13

14  to plaintiffs claims of retaliation and on-going discrimination   Penny Cusick's second

15  deposition contains an admission that plaintiff's supervisor kept a "shadow" personnel file

16

17  of fabricated complaints about plaintiff in his desk   This deposition also contains

18  admissions concerning an incident fabricated by a coworker, and antedated and used by

19

20  Ms  Cusick in sworn testimony to justify the retaliatory use of a performance evaluation   It

21  contains as well clear evidence that a complaint plaintiff made against a coworker,

22  previously settled in plaintiff's favor, was re-investigated and reversed following plaintiff's

23

24  filing an EEOC complaint that specifically mentioned that coworker   The deposition also

25  contains clear evidence that this complaint by plaintiff was handled by her division in a

26

27  PLAINTIFF'S PETITION FOR

28  REIMBURSEMENT OF COSTS          -3-          KATHLEEN HOUSE, PRO SE

different and retaliatory manner in companson with that of the coworker whose fabricated

complaint Ms Cusick presented as evidence under oath   Ms Cusick's first deposition

contains sworn statements that directly contradict sworn statements given before a

Personnel Board heanng in 1995 concerning plaintiff's interactions with her coworkers and

her first supervisor, Tom Owens   Tom Owens deposition states, in direct contradiction to

his deposition given in the motion for summary judgment in the above referenced case

and in his performance evaluation of plaintiff, that he had had no problems with plaintiff's

work and that she had not experienced problems with coworkers   Karen Dickerson's

deposition states that she had experienced retaliation by her supervisor, Penny Cusick, for

opposing unethical practices by Ms Cusick   Ms Dickerson's deposition also testifies to

the hostile environment created in Ms Cusick's division following plaintiff's opposition to

retaliatory acts by her first and second supervisors   The deposition of Don Chase

contains evidence concerning technical assistance given to plaintiff's male coworkers and

denied plaintiff   This evidence contradicts statements made in depositions by plaintiff's

first and third supervisors in the above-referenced case

Plaintiff petitions the court as well for reimbursement for the costs of transcription

of the tapes of two heanngs before the State Personnel Board   the 1995 appeal hearing

of a retaliatory performance evaluation given by Tom Owens in 1994, and the 1998

PLAINTIFF'S PETITION FOR
REIMBURSEMENT OF COSTS            -4-            KATHLEEN HOUSE, PRO SE

hearing of plaintiff's appeal of the elimination of her position via a pretextual reduction in force in 1997  The tapes of these hearings contain statements by Ms  Cusick that directly contradict statements made by herself and Tom Owens in the above referenced depositions  The 1998 hearing also contains clear evidence of the pretextural nature of the elimination of plaintiff's position

Costs for transcription of the above referenced depositions are approximately $916  Costs for transcription for the above referenced hearings are approximately $525

Plaintiff respectfully requests reimbursement by the court for these costs in accordance with the Plan of the United States District Court for the Western District of Washington at Seattle for the Representation of Pro Se Litigants in Civil Rights Actions, Section 5 (a,b)

Dated this 28th day of December, 2001

Kathleen M  House
Plaintiff Pro Se

Statement of Service

I certify that I have served a copy of the attached
Petition for Reimbursement of Costs
on defendant's attorney by leaving same at defendant's
office at 905 Plum Street, SE, Building 3, Olympia,
Washington on December 28th, 2001

Kathleen M  House

PLAINTIFF'S PETITION FOR
REIMBURSEMENT OF COSTS              -5-              KATHLEEN HOUSE, PRO SE