ENTERED
ON DOCKET

FEB 05 2002

BY DEPUTY

FILED   LODGED
       RECEIVED

FEB 0 5 2002

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHLEEN M. HOUSE,

  Plaintiff,

  v.

THE STATE OF WASHINGTON; and THE WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE,

  Defendants.

Case No. C98-5262 FDB

ORDER DENYING PLAINTIFF'S PETITION FOR REIMBURSEMENT OF COSTS

Plaintiff, Kathleen House, seeks reimbursement of costs associated with the litigation of her Civil Rights action. (Dkt. #77) She specifically requests that the Court reimburse her a total of $1441.00 for the transcription of five depositions and two hearings. For authority, Plaintiff cites the Plan of the United States District Court for the Western District of Washington at Seattle for the Representation of Pro Se Litigants in Civil Rights Actions ("Pro Bono Plan") Section 5(a), (b).

/////

/////

ORDER - 1

(a) The appointed attorney or the firm with which the attorney is affiliated shall request the *pro se* litigant to provide reimbursement for the costs incurred in litigating the action to the extent that the <u>litigant is able to bear such costs</u>. If the litigant is unable to do so, the appointed attorney or the firm with which the attorney is affiliated may apply for reimbursement of reasonable expenses to the Western District Court Civil Rights Litigation Fund as specified in Section 5(b). If reimbursement is not available from the *pro se* litigant or the Litigation Fund, the appointed attorney or the firm with which the attorney is affiliated may bear the costs of the litigation (e.g. discovery expenses, subpoena fees, transcript expenses.)

(b) If the litigant is unable to bear the costs of the litigation, the attorney may apply for reimbursement of reasonable expenses to the Western District Court Civil Rights Litigation Fund formed for this purpose, *inter alia*, of providing monies for this purpose.

Section 5 of the Pro Bono Plan permits appointed attorneys, or the firm with which they are affiliated, to seek reimbursement of costs associated with representing otherwise *pro se* litigants in Civil Rights Actions in federal court.

Plaintiff was granted representation from the Pro Bono Panel. (Dkt. #53) Representation, however, was never secured and the Court denied Plaintiff's subsequent attempt to secure representation from the Pro Bono Panel. (Dkt. #68) By order filed August 20, 2001, the Court affirmed its decision to deny Plaintiff appointment of counsel, and Plaintiff was directed to "proceed *pro se*, until such time as an attorney of her choosing files a notice of appearance in this case." (Dkt. #71) No notice of appearance has been filed.

In support of her petition, Plaintiff admits she is not an attorney, but argues that she should be eligible to apply for reimbursement of costs under Section 5 of the Pro Bono Plan because her appointed counsel would have been eligible. (Dkt. #77) Although Plaintiff's argument is creative, it is simply not persuasive.

The Pro Bono Plan applies to <u>attorneys</u> designated to the Pro Bono Panel and appointed to

ORDER - 2

represent *pro se* litigants. Section 1(d) states that [a]n attorney must be admitted to practice in the United States Court for the Western District of Washington to be eligible for designation to the Pro Bono Panel. The Pro Bono Plan clearly does not apply to *pro se* litigants who have qualified for Pro Bono representation but remain *pro se*. If Plaintiff intends to pursue her Civil Rights Action in this Court, she must bear the expense of litigation herself.

ACCORDINGLY, IT IS HEREBY ORDERED: Plaintiff's Petition for Reimbursement of Costs (Dkt. #77) is **DENIED**.

DATED this 5 day of February, 2002.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3

```
                                                            car
              United States District Court
                       for the
              Western District of Washington
                   February 5, 2002


             * * MAILING CERTIFICATE OF CLERK * *


Re:  3:98-cv-05262


True and correct copies of the attached were mailed by the clerk to the
following:


     Kathleen M House
     1073 LYBARGER STREET SE
     OLYMPIA, WA  98501

     Stewart A Johnston, Esq.
     ATTORNEY GENERAL'S OFFICE
     LABOR & PERSONNEL DIV
     PO BOX 40145
     OLYMPIA, WA  98504-0145
     FAX 1-360-664-4170

     Judg Burgess
```