ENTERED
ON DOCKET

AUG 2 6 2002

By Deputy

FILED
RECEIVED LODGED
AUG 26 2002
WESTERN CLERK U.S. DISTRICT COURT
DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHLEEN M. HOUSE,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF FISH & WILDLIFE AND THE STATE OF WASHINGTON ,<br><br>Defendants. | Case No. C98-5262 FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This lawsuit arises out of a Kathleen M. House's ("Ms. House") employment with the Washington State Department of Fish & Wildlife ("Department"). Ms. House asserts violations of the Age Discrimination in Employment Act ("ADEA") and Title VII . Defendants move that this Court grant its Motion for Summary Judgment and dismiss Ms House's complaint in its entirety under Federal Rule of Civil Procedure 56(c). (Dkt. #87) The Court, after considering Defendants' motion and Plaintiffs' response finds that Defendants' motion should be **GRANTED**.

## BACKGROUND

Ms. House was hired by the Washington State Department of Fish & Wildlife as a Computer Analyst Programmer ("CAP") in March of 1993. She remained employed in this

ORDER - 1

capacity until July of 1997 when her position was eliminated. Defendants explain that Ms. House's position was eliminated in a reduction in force ("RIF") action, due to lack of funds. Ms. House disagrees with the Department's explanation and alleges in her complaint that she was subjected to age and gender discrimination and the elimination of her position was in retaliation for grievances she had filed.

Prior to bringing this lawsuit, Ms. House appealed the RIF action to the State of Washington Personnel Appeals Board ("PAB"). Ms. House alleges the same discrimination and retaliation that was at issue in the PAB. The PAB conducted an evidentiary hearing and ultimately concluded that Ms. House's allegations were not substantiated by the investigation. Similarly, the Equal Employment Opportunity Commission ("EEOC") was "unable to conclude that the information obtained establishes violations of the statutes."

Defendants argue that summary judgment is appropriate because Ms. House's ADEA claim is barred by the Eleventh Amendment Immunity and her retaliation and sex discrimination claims are barred by the doctrines of res judicata ("claim preclusion"), and collateral estoppel ("issue preclusion"). Alternatively, Defendants argue that even if the Court does not find that Ms. House's claims are barred, they urge the Court to find that she failed to establish facts sufficient to withstand summary judgment. Ms. House resists this motion and argues summary judgment is not appropriate here because a genuine issue of material fact has been established.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court recognizes that the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, (1986). The plain language of Rule 56(c), however, mandates the entry of summary

ORDER - 2

1 judgment against a party who fails to make a showing sufficient to establish the existence of an
2 element essential to that party's case, and on which that party will bear the burden of proof at trial.
3 *Id.* at 322.

### DISCUSSION

The Court agrees with Defendants that Ms. House's ADEA claim is barred by Eleventh Amendment Immunity pursuant to the Supreme Court's ruling in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000). In *Kimel*, the Supreme Court expressly held that the ADEA did not abrogate states' Eleventh Amendment immunity. *Id.* Thus, Ms. House is barred from bringing an ADEA claim against the State of Washington because the State has not waived its Eleventh Amendment Immunity from suit. Even if the State had waived its Eleventh Amendment Immunity from suit, Ms. House has failed to establish a prima facie case of age discrimination.

The Court does not agree, however, that Ms. House's Title VII claims of gender discrimination and retaliation are precluded by the doctrines of res judicata ("claim preclusion"), or collateral estoppel ("issue preclusion") because the decision issued by the PAB was not "rendered or reviewed by a court." *McInnes v. State of California*, 943 F.2d 1088, 1093 (9th Cir. 1991)(in a Title VII action a prior state decision enjoys preclusive effect only if rendered or reviewed by a court).

The plaintiff in *McInnes* filed her complaint in federal district court alleging the same Title VII causes of action that were at issue in her case before the state personnel board. *Id.* at 1092. Ultimately, the federal district court held that the personnel board's decision was binding on the parties under the doctrine of collateral estoppel. *Id.* The Court of Appeals reviewed relevant Supreme Court precedent and reversed the district court's decision finding that the district court misapplied the doctrine of collateral estoppel. *Id.* The Court of Appeals specifically found that unreviewed state administrative decisions "lack preclusive effect in subsequent Title VII actions regardless of any preclusive effect any state law might have on them." *Id.* at 1093-94.

ORDER - 3

Ms. House, like the plaintiff in *McInnes*, is alleging the same discrimination and retaliation that was at issue before the state personnel board. Considering a court never reviewed the PAB's decision in Ms. House's case, the Court, applying federal law, must find that Ms. House is not precluded from bringing her Title VII claims to federal court now.

Regardless, Defendants have convinced the Court that Ms. House has not established sufficient facts to withstand summary judgment on her Title VII claims. Although Ms. House argues that the Department retaliated against her for having lodged complaints, she has failed to establish a causal link between her protected activity and the Department's decision to eliminate her position. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

Ms. House's allegations of gender discrimination are equally insufficient to overcome summary judgment. Ms. House provides no direct or circumstantial evidence to support her allegation that as a female she has experienced "disparate access to computer equipment, software, and technical services" or was subjected to a "hostile work environment." Ms. House simply disregards the Department's legitimate, nondiscriminatory reason for its RIF action, and alleges violations of the law. Mere allegations are not sufficient for this Court to find a genuine issue of material fact for trial. Accordingly, the Court must dismiss this claim.

## CONCLUSION

Ms. House failed to establish sufficient facts to withstand summary judgment and dismissal of her claims. Accordingly, Defendants' Motion for Summary Judgment (Dkt. #87) is **GRANTED**. Plaintiffs' Petition to File Late Response to Summary Judgment (Dkt. #91) **STRICKEN** from the Court's Calendar as **MOOT** and the Clerk is directed to send a copy of this Order to Plaintiff and Defendants. IT IS SO ORDERED.

DATED this 26 day of August, 2002.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4

ec

United States District Court
for the
Western District of Washington
August 26, 2002

* * MAILING CERTIFICATE OF CLERK * *

Re:   3:98-cv-05262

True and correct copies of the attached were mailed by the clerk to the following:

    Kathleen M House
    APT B18
    301 T ST SW
    TUMWATER, WA   98501
    360-236-9941

    Stewart A Johnston, Esq.
    ATTORNEY GENERAL'S OFFICE
    LABOR & PERSONNEL DIV
    PO BOX 40145
    OLYMPIA, WA   98504-0145
    FAX 1-360-664-4170

    FDB